Filed 2/10/14  P. v. Andrews CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E057913 |
| v. | (Super.Ct.No. FVA1100588) |
| DALRAY KWAME ANDREWS, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of San Bernardino County.  Ronald M. Christianson, Judge.  Affirmed.

Mark R. McDonald, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, Melissa Mandel and Stephanie H. Chow, Deputy Attorneys General, for Plaintiff and Respondent.

1

Defendant and appellant Dalray Kwame Andrews appeals from his convictions for first degree murder, attempted robbery, and assault with a firearm; in connection with each count, the jury found a "personal use of a firearm" allegation to be true. (Pen. Code, §§ 187, subd. (a), 211/664, 245, subd. (b), 12022.53, subd. (b), 12022.5, subd. (a).) His sole contention is that the trial court committed reversible error in denying his motion for self-representation. (*Faretta v. California* (1975) 422 U.S. 806 (*Faretta*).) Because it is clear that the defendant was just trying to delay the inevitable (or perhaps build error into the case), we affirm the judgment.

## STATEMENT OF THE CASE

Due to the nature of defendant's attack on the conviction, the facts of the crime are less significant than the progress of the case. Briefly stated, defendant approached the victim, Joshua Huizar, while the latter was waiting in a fast-food drive through, demanded money, and eventually shot the victim when the latter attempted to drive away.[1]

The murder took place on April 10, 2011, and defendant was taken into custody on April 19. At arraignment two days later, the public defender was appointed to represent defendant; about a week later, attorney Gina Kershaw was appointed after the public defender declared a conflict.

---

[1] The evidence of guilt included defendant's admissions both to his girlfriend and police that he was the shooter; he claimed to both that the gun discharged accidentally.

The preliminary hearing took place on August 31 of the same year, after several continuances. Defendant was held to answer on all charges and an information was filed on September 8. On the same date, defendant, through attorney Kershaw, pleaded not guilty.

At a pretrial hearing on October 21, 2011, defendant waived time through February 9, 2012, and the matter was continued to December 9, 2011. On the latter date, trial was set for January 23, 2012, and later continued to March 19 with a further time waiver. The "pretrial hearing" was then continued repeatedly; the minutes of the hearing on June 25, 2012, include the notation that "[d]efendant shall be permitted to bring his/her legal paperwork to court with him/her."[2] Further delays and continuances followed from hearings on July 27, August 24, September 28, and October 25. On the latter date, trial was set for December 10; for the first time the minutes indicate that defendant was not personally present for this hearing.

The trial readiness hearing was held on December 7.[3] At that time counsel first stated that defendant told her that "there's some important information that he really wants to go over with me and doesn't want to do that in court. I need to go see him over at the jail, so we are requesting a continuance . . . ." The court declined to continue the matter. Counsel then informed the court that "Mr. Andrews had indicated to me this

---

[2] The gender-neutral nature of this note suggests that it was routine rather than a response to a specific demand, but this cannot be ascertained for certain.

[3] December 7 was a Friday, and the court intended to hear motions and begin jury selection on Monday, December 10, the next court day.

3

morning that he wishes to go pro per." Invited to address the court, defendant asked "I cannot go pro per? I'm trying to go pro per to defend my own case. Ms. Kershaw, she was a good lawyer. I just want to go—I want to take my own trial, sir." The trial court reminded him that the matter was on for assignment, and asked "You ready to start on Monday?"

To this, defendant responded "if I go pro per, can I look at my case? Can I study it for a minute?" Asked to define "a minute," defendant clarified "[a] couple of months." At this the trial court noted the age of the case, that defendant had been arraigned over a year previously, and had made "at least ten appearances" with "[n]o prior request to go pro per." It then found the request to be untimely.

After both sides announced ready for trial, defendant inquired (apparently of counsel) "[c]ould you file a motion that—saying that I wasn't ready for trial?" The trial court told defendant that he would have ample time to talk with counsel prior to the actual commencement of trial.

## DISCUSSION

There is no dispute that a trial court must grant a defendant's request for self-representation if the defendant unequivocally asserts that right within a reasonable time prior to the commencement of trial, and makes his request voluntarily, knowingly, and intelligently. (*People v. Lynch* (2010) 50 Cal.4th 693, 721.) It is also well-established that a motion which is made immediately before trial is to begin, or nearly so, may be denied if granting the motion would cause delay and there is no substantial basis for the

4

request. (See *People v. Clark* (1992) 3 Cal.4th 41, 99-100.) In general, when the court's discretion is invoked, the court should consider whether there have been previous changes of counsel, the quality of counsel's performance, the length and stage of the proceedings, as well as the potential for delay or disruption of trial. (*People v. Windham* (1977) 19 Cal.3d 121, 128 (*Windham*).) As a reviewing court, we give substantial weight to the trial court's exercise of discretion, and consider all the circumstances apparent from the record. (*People v. Howze* (2001) 85 Cal.App.4th 1380, 1397-1398.)

It is apparent from the comments quoted above that the "eve of trial" circumstance was the primary basis for the court's denial of defendant's request. However, defendant argues that the trial court erred in not asking him why he wanted to represent himself, to evaluate his competence to do so, or offer him a 30-day continuance. We disagree.

It is true that the trial court, when faced with an untimely request for self-representation, should examine the factors set out in *Windham*, *supra*, 19 Cal.3d 121, 128, but there is no strict requirement that it state its conclusions on the record. Instead, the decision will be affirmed if substantial evidence supports the inference that it had those factors in mind and the decision falls within the scope of the court's discretion. (*People v. Bradford* (2010) 187 Cal.App.4th 1345, 1354-1355.)

In this case, as quoted above, defendant himself described Ms. Kershaw as a "good lawyer," thus conceding that he had no quarrel with her performance to that point. Although defendant had not previously changed attorneys, there had been multiple hearings over a long period of time during which defendant, while represented by

5

Ms. Kershaw, sat mute and acquiescent. His professed desire for self-representation manifested itself only at the last minute before trial. Furthermore, defendant asked for two months of preparation time—a substantial additional delay[4] and disruption to the court, counsel, the nine witnesses who testified, and the unquestionably substantial summoned jury pool. We presume that the trial court had these points in mind and substantial evidence supports its exercise of discretion. The conclusion that the request was prompted solely by a desire to put off the trial date is amply justified.

Defendant asserts that "[n]o court of which the appellant is aware has afforded a trial court the arbitrary right to strip a defendant of any sixth amendment right out of a desire for judicial economy . . . ." He is probably correct, but in our view the decision here was far from arbitrary. When a defendant who has sat quietly for well over a year suddenly stands up on the eve of a trial, which could result in a life sentence,[5] and announces that he wishes to represent himself and have a "couple of months" to study his case, there is nothing arbitrary in the court's determination that the request is designed to create a delay and should be refused.

---

[4] Although it came after the trial, the court indicated that it would deny the *Faretta* request. Defendant's subsequent question concerning the possibility of a motion to assert that "I wasn't ready for trial" confirms defendant's general reluctance to proceed.

[5] The total term imposed here was 48 years to life.

## DISPOSITION

The judgment is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

HOLLENHORST
J.

We concur:

RAMIREZ
P. J.

McKINSTER
J.